NO.
12-11-00059-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

MIRANDA
N. PHILLIPS,                                 §                 APPEAL FROM THE 217TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 ANGELINA
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

PER CURIAM

Miranda
N. Phillips appeals her conviction for theft.  Appellant’s counsel has filed a
brief asserting compliance with Anders v. California, 386 U.S.
738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the appeal.

 

Background

In
February 2009, an Angelina County grand jury returned an indictment against
Appellant alleging that she committed the offense of theft of property worth
less than $1,500.00 and that she had two prior convictions for the offense of
theft.[1]  In March 2009, Appellant
pleaded guilty as charged without a plea agreement.  The trial court accepted
her plea of guilty, deferred adjudication of her guilt pursuant to Article
42.12, Texas Code of Criminal Procedure, and placed her on community supervision. 


In August
2009, the State filed a motion alleging that Appellant had violated the terms
of her community supervision and requesting the trial court to consider
proceeding to final adjudication of her guilt.  The State alleged that
Appellant had violated the terms of her community supervision by committing a
new offense and by failing to report and to pay fees.  In December 2010,
Appellant pleaded true to the allegations that she violated the terms of her
community supervision.  The trial court found her guilty and assessed a
sentence of confinement in the state jail for one year.  This appeal followed. 


 

Analysis Pursuant to Anders v. California

Appellant=s counsel has filed a brief in compliance with Anders
and Gainous.  Counsel states that he has diligently reviewed the
appellate record and that he is well acquainted with the facts of this case. 
In compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel’s brief
presents a thorough chronological summary of the procedural history of the case
and further states that counsel is unable to present any arguable issues for
appeal.[2]  See Anders, 386 U.S. at 745, 87 S. Ct. at
1400; see also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346,
350, 102 L. Ed. 2d 300 (1988).  

We
have considered counsel’s brief and have conducted our own independent review
of the record.  We found no reversible error.  See Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby granted,
and we dismiss this appeal.  See In re Schulman,
252 S.W.3d at 408-09 (“After the completion of these four steps, the court of
appeals will either agree that the appeal is wholly frivolous, grant the
attorney=s motion to withdraw, and dismiss
the appeal, or it will determine that there may be plausible grounds for
appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise her of her right to file a
petition for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, she must either retain an attorney to file a petition for
discretionary review or she must file a pro se petition for discretionary
review.  See In re Schulman, 252 S.W.3d at 408 n.22.  Any
petition for discretionary review must be filed within thirty days from the
date of either this opinion or the last timely motion for rehearing that was
overruled by this court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.[3]  Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex. R.
App. P. 68.4; In re Schulman, 252 S.W.3d at 408 n.22.

Opinion
delivered August 24, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] See Tex. Penal Code Ann. § 31.03 (West
2011).





[2] Counsel for
Appellant states in his motion to withdraw that he provided Appellant with a
copy of this brief. Appellant was given time to file her own brief in this
cause. The time for filing such a brief has expired, and we have received no
pro se brief. 





[3] By rule,
after September 1, 2011, petitions should be filed directly with the Texas
Court of Criminal Appeals.  See Tex.
R. App. P. 68.3(a) (effective September 1, 2011).